**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ARTURO MELGOZA ENRIQUEZ, | No.    20-70515 |
| Petitioner, | Agency No. A045-580-889 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Jose Arturo Melgoza Enriquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

In his counseled opening brief, Melgoza Enriquez does not raise any challenge to the agency's determination that he was convicted of a crime of violence aggravated felony and that the record did not support his contention that he was deprived of an appropriate opportunity to review the evidence in this case. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not err in concluding the IJ did not violate Melgoza Enriquez's right to due process by proceeding in the absence of a waiver of counsel at his hearing on October 11, 2019. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (concluding the IJ did not violate the applicant's right to counsel where the applicant was provided "reasonable time to locate counsel"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

To the extent Melgoza Enriquez contends the IJ failed to adequately develop the record, failed to act as a neutral factfinder, or otherwise violated his right to due process, we lack jurisdiction to consider these issues because he failed to raise them to the BIA. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("[W]e may not entertain due process claims based on correctable procedural errors unless

2                                                                    20-70515

the alien raised them below.").

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.